IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMANDA YANES, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| WALTON COMMUNITIES, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

# COMPLAINT

COMES NOW, Plaintiff Amanda Yanes ("Ms. Yanes"), and files this *Complaint* pursuant to the Pregnancy Discrimination Act of 1978 ("PDA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e, et seq., and the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA") against Defendant Walton Communities, LLC.

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331.

2.

The unlawful employment practices alleged in this Complaint were committed within the Atlanta Division of the Northern District of Georgia. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a resident and citizen of the State of Georgia and is subject to the jurisdiction of this Court.

4.

Plaintiff is female.

5.

Defendant is a domestic limited liability company that is registered to do business in Georgia and has been engaged in business in Georgia and in this District at all times material hereto. Defendant is subject to jurisdiction in this Court over the claims asserted herein.

6.

Defendant is now, and at all times relevant hereto, has been an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b).

7.

Plaintiff worked more than 1,250 hours for Defendant during the 12-month period preceding her termination and therefore was entitled to protected leave under the FMLA.

8.

Defendant is a private sector employer, with 50 or more employees in 20 or more workweeks in the 2020 and 2021 calendar years, within 75 miles of the location where Plaintiff worked for Defendant, and therefore is subject to the FMLA.

9.

**ADMINISTRATIVE PREREQUISITES**

10.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

11.

The EEOC issued a "Notice of Right to Sue" on May 27, 2022, entitling an action to be commenced within ninety (90) days of receipt of that notice.

12.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

**FACTUAL ALLEGATIONS**

13.

Ms. Yanes began working for Defendant on July 8, 2014, as a leasing consultant.

14.

For more than seven years, Ms. Yanes succesfully carried out her duties without incident. She never received any formal disciplinary action.

15.

On or around July 28, 2021, Ms. Yanes took FMLA leave after suffering from a miscarriage.

16.

At this time, Ms. Yanes informed her employer that she had been pregnant in the preceding months and had suffered a miscarriage.

17.

Ms. Yanes returned to work on August 24, 2021.

18.

On or around September 23, 2021, Property Manager MaryBob Straub began making disparaging comments about Ms. Yanes' pregnancy and related FMLA leave. For example, she stated that Ms. Yanes had not been dependable since she took leave for her pregnancy.

19.

When Ms. Yanes informed Ms. Straub that she suffered a miscarriage, Ms. Straub told Ms. Yanes to hold off on trying to conceive again because Ms. Yanes

would have to be out for another month if she had another miscarriage. In the same conversation, Ms. Straub also directed Ms. Yanes to "work on being at work."

20.

On or around October 18, 2021, Ms. Straub terminated Ms. Yanes for purpotedly "creating conflict in the workplace."

21.

Ms. Straub did not disclose who she believed Ms. Yanes had a conflict with or the nature of the alleged conflict.

22.

Immediately thereafter, Ms. Yanes called Nancy Blythe, Human Resources Director, to contest her termination but Ms. Blythe did not answer the call.

23.

Ms. Yanes then contacted the EEOC to initiate a Charge for pregnancy discrimination and retaliation.

24.

Approximately one week after her termination and the initiation of her Charge with the EEOC, Ms. Blythe called Ms. Yanes back to discuss the termination.

25.

Ms. Blythe told Ms. Yanes that she would help her retain her job or find her another position within the company, such as a leasing consultant role at another location.

26.

However, when Ms. Yanes disclosed that she had contacted the EEOC to file a charge of discrimination regarding her termination, Ms. Blythe retracted her offer to find Ms. Yanes a new position and refused to continue speaking with Ms. Yanes.

## SUBSTANTIVE CLAIMS

### Count I: Discrimination and Retaliation in Violation of the Pregancy Discrimination Act

27.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

28.

Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of sex.

29.

When it adopted the PDA, Congress amended Title VII to provide that discrimination on the basis of sex includes discrimination "on the basis of pregnancy, childbirth, or related medical conditions."

30.

At all times relevant, Plaintiff was a member of a protected class under the PDA.

31.

Plaintiff was qualified to perform her position.

32.

Plaintiff was terminated because of her pregnancy, intent to become pregnant, and/or pregancy-related leave.

33.

In terminating Plaintiff, Defendant discriminated against Plaintiff, in violation of the PDA.

34.

As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation and other indignities.

35.

Defendant's unlawful actions were willful, malicious, and done in reckless disregard for Plaintiff's federally protected rights. Plaintiff is entitled to an award of punitive damages.

## **Count II: Discrimination and Retaliation in Violation of Title VII**

36.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

37.

Plaintiff engaged in protected conduct when she informed her employer that she had contacted the EEOC to file a charge of discrimination.

38.

Defendant subjected Plaintiff to adverse employment action after Plaintiff engaged in protected conduct.

39.

There was a causal connection between the protected conduct and the adverse employment action.

40.

As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation and other indignities.

41.

Defendant's unlawful actions were willful, malicious, and done in reckless disregard for Plaintiff's federally protected rights. Plaintiff is entitled to an award of punitive damages.

## Count III: Retaliation in Violation of the FMLA

42.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

43.

Defendant is, and at all times relevant, has been an "employer" as defined by the FMLA.

44.

Plaintiff was an eligible employee under the FMLA.

45.

Plaintiff engaged in protected conduct under the FMLA when she took FMLA leave, entitling her to all appropriate relief under the statute.

46.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the FMLA by terminating her employment, entitling her to all appropriate relief under the statute.

47.

As a result of her termination, Plaintiff has suffered damages, including lost wages for which she is entitled to recover.

48.

Defendant's violations of the FMLA were reckless and Plaintiff is also entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a)  Special damages, back-pay, lost benefits and prejudgment interest thereon;

(b)  Compensatory damages for Defendant's violations of Title VII and the PDA;

(c)  Punitive damages for Defendant's violations of Title VII and the PDA;

(d)  Liquidated damages for Defendant's violations of the FMLA;

(e)  All equitable relief available, such as reinstatement or front-pay in lieu thereof,

(f)  All relief available under Title VII and the FMLA;

(g)  Reasonable attorney's fees and expenses of litigation;

(h)  Trial by jury as to all issues so triable;

(i) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(j) All other relief to which she may be entitled.

This 29th day of July, 2022.

*/s/ Zachary Panter*
Zachary Panter
Georgia Bar No. 822012
James Radford
Georgia Bar No. 108007
*Counsel for Plaintiff*

RADFORD & KEEBAUGH
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
(678) 271-0308
zachary@decaturlegal.com
james@decaturlegal.com